UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'KEEFFE'S INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACCESS INFORMATION TECHNOLOGIES INC., *et al.*,<br><br>　　　　Defendants. | Case No. 15-cv-03115-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Docket No. 13 |

## I. INTRODUCTION

Plaintiff O'Keeffe's, Inc. ("O'Keeffe's"), entered into a contract with Access Information Technologies, Inc. ("AIT"), which sells software programs. The contract included a forum-selection clause mandating that all suits be brought in New York. Notwithstanding the forum-selection clause, Plaintiff filed this breach of contract suit in California, and AIT moves to transfer or, in the alternative, to dismiss for a failure to state a claim. Since the forum-selection clause is valid and there is no prejudice to make transfer inappropriate, the Court **GRANTS** AIT's motion to transfer.

## II. FACTUAL BACKGROUND

Plaintiff O'Keeffe's is a manufacturer and distributor of safety-rated and fire-rated architectural glazing products with its principal place of business in California. Compl. ¶ 1. Defendant AIT is a Delaware business management software company with its principal place of business in New York. *See* Compl. ¶ 2. On December 12, 2011, O'Keeffe's purchased an ERP software program from AIT. Vineberg Decl., Ex. 1 at 2.

O'Keeffe's alleges that AIT failed to provide fully functional software and charged for license fees for a product that Plaintiff "never used, and was not able to use." *See* Compl. ¶¶ 19,

21. O'Keeffe's asserts the following causes of action: (1) breach of contract; (2) fraud and deceit; and (3) violation of UCL section 17200 *et seq*.

The contract between O'Keeffe's and AIT contained forum-selection and choice-of-law clauses. The agreement states: "[t]his Agreement shall be governed by, and construed in accordance with, the laws of the State of New York. The parties consent to the exclusive jurisdiction of the United States District Court for the Eastern District of New York and any of the courts of the State of New York in any dispute arising under this agreement." *Id*. at 10, ¶ 6. The limitation of liability and indemnification provision provides that "[n]o action, regardless of form, arising out of the transactions and services under this Agreement may be brought by [O'Keeffe's] more than one (1) year after the date of this Agreement." *Id*. at 11.

### III. DISCUSSION

A. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Normally, a district court considering a section 1404(a) motion must evaluate both the private interests of the parties and public interest considerations. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.,* 134 S.Ct. 568, 581 (2013). But when the parties' agreement contains a valid forum-selection clause, that clause "represents [their] agreement as to the most proper forum" and should be given "controlling weight in all but the most exceptional cases." *Id*.

The presence of a valid forum-selection clause requires a district court to adjust its usual section 1404(a) analysis in three ways. First, the plaintiff's choice of forum merits no weight. *Id*. Second, the court cannot consider parties' private interests since the parties stipulated to a particular forum. *Id*. at 582. Finally, when "a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." Plaintiff must show either that the forum-selection clause is not valid or that the section 1404(a) public interest factors make transfer

2

1 inappropriate. *Id.* at 579, 582.

B. <u>Validity of the Forum-Selection Clause</u>

"A forum selection clause is presumptively valid"; a party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009). In *Bremen*, the U.S. Supreme Court distinguished between the contractual provision itself being "invalid for such reasons as fraud or overreaching," as opposed to unenforceable because it is "unreasonable and unjust." *Bremen*, 407 U.S. at 15. The Eleventh Circuit has similarly stated: "[t]he validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." *P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). If a forum-selection clause is valid under general contract law, the court must determine whether the clause is enforceable. *Atlantic Marine* sets an "extremely high bar" to unenforceability. *Guest Assocs, Inc. v. Cyclone Aviation Prods, Ltd.*, 30 F. Supp. 3d 1278, 1281 (N.D. Ala. 2014).

Neither O'Keeffe's complaint nor its opposition to the motion to transfer contain any allegations of fraud, duress, misrepresentation, or other misconduct on behalf of AIT regarding the forum-selection clause. *See* Docket No. 1-1; Docket No. 18. Furthermore, the Complaint describes O'Keeffe's as a California company, "manufactur[ing] and distribut[ing] safety-rated and fire-rated architectural glazing products," who contracted with a business management software company headquartered in New York. Compl. ¶¶ 1, 2. These undisputed facts tend to show both companies are sophisticated corporate entities with equal bargaining positions. Kelly O'Keeffe, the Vice President of O'Keeffe's, signed the AIT Agreement. Vineberg Decl., Ex. 1 at 10. As in *Bremen*, "[t]here are compelling reasons why a freely negotiated private . . . agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as that involved here, should be given effect." *Bremen*, 407 U.S. at 12-13.

Because there is no indication that the forum-selection clause is invalid under general contract law, *Atlantic Marine* applies to determine the enforceability of the forum-selection clause

3

in this case.

C.  Enforceability of the Forum-Selection Clause

Once a court finds that the forum-selection clause is valid, the clause "should be given controlling weight in all but the most exceptional cases." *Atlantic Marine,* 134 S.Ct. at 582. *Bremen* recognized two grounds that would make enforcement of a forum-selection clause unreasonable. First, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought." *Bremen*, 407 U.S. at 15. Second, "[c]ourts have also suggested that a forum clause even though it is freely bargained for and contravenes no important public policy of the forum, may nevertheless be 'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action." *Id*. at 16.[1] Plaintiff bears the burden of demonstrating that relevant factors weigh against transfer and "a district court may consider arguments about public-interest factors only." *Id.* at 581-82. These factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581, n.6 (internal quotation omitted). Public interest factors "will rarely defeat a transfer motion, [thus] the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582.

In opposing transfer, O'Keeffe's identifies two public interest considerations – local interest in the controversy and familiarity of this Court with applicable law. With respect to the familiarity of the New York court with California law, as the Supreme Court has recognized, "federal judges routinely apply the law of a State other than the State in which they sit." *Id.* at 584. Plaintiff here does not identify any "exceptionally arcane features" of California's Commercial Code "that are likely to defy comprehension by a federal judge" sitting in New York. *Id.* Moreover, as discussed below, whether the case is in New York or California, there is a high likelihood that New York law will apply in any event because of the parties' agreement on New

---

[1] *Bremen* remains good law after *Atlantic Marine*. *See Allianz Global Risks U.S. Ins. Co. v. Ershigs, Inc.*, No. C14-1255JLR, 2015 WL 5837543, at *5 (W.D. Wash. Oct. 6, 2015) (citing *Bremen* in its discussion whether the forum-selection clause is unreasonable).

4

York law as their choice of law.

Likewise, any local interest in the controversy does not prevent transfer in this case for three reasons. First, local interests generally do not outweigh the controlling weight of the forum-selection clause. *Id*. at 581. Second, the private-interest factors "weigh entirely in favor of the preselected forum." *Id*. at 582. Third, there are New York as well as California interests at play; AIT is a corporation headquartered in New York that negotiated the contract. O'Keeffe's interests in having the dispute decided in California does not make this dispute an "exceptional case" that defeats application of a valid forum-selection clause. *Id.* at 581. O'Keeffe's failed to meet the substantial burden of showing that the public interest factors "overwhelmingly disfavor" enforcement of the forum-selection clause. *Id*. at 583.

O'Keeffe's contends it would lose its day in court, *Bremen*, 407 U.S. at 17-18, were the case transferred to New York because it would not have the protection of California Commercial Code section 2725, which states that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.[] A cause of action accrues when *the breach occurs*, regardless of the aggrieved party's lack of knowledge of the breach." *See* Opp'n to AIT at 8; Cal. Com. Code § 2725 (emphasis added). New York, on the other hand, allows to commence an action within "a shorter time . . . prescribed *by written agreement*." N.Y. C.P.L.R 201 (McKinney 2007) (emphasis added). In this case, the contract provides for a one year limitation period after date of the Agreement, not the date of the breach. The effect would be to time bar the instant suit. Even assuming this contract provision is more likely enforceable under New York law than under California law, New York law is likely to apply regardless of where this case is tried because the parties stipulated to choice of New York law. The parties' choice of law is entitled to deference both under California as well as New York choice of law rules. *See Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-65 (1992); *American Fuel Corp. v. Utah Energy Dev. Co., Inc.,* 122 F.3d 130, 134 (2d Cir.1997) ("where the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry.)." Thus, there is no real prejudice to O'Keefe if the case is transferred to New York. Numerous courts have held that the choice-of-law analysis is irrelevant to determining whether enforcement

of a forum-selection clause contravenes a strong public policy. *See, e.g.*, *Marcotte v. Micros Sys., Inc.,* No. C 14-01372 LB, 2014 WL 4477349, at *8 (N.D. Cal. Sept. 11, 2014) ("[A] party challenging enforcement of a forum selection clause may not base its challenge on choice of law analysis."); *Besag v. Custom Decorators, Inc.,* No. C 08-05463 JSW, 2009 WL 330934, at *4 (N.D. Cal. Feb. 10, 2009) (called into question on other grounds by *Narayan v. EGL, Inc.,* 616 F.3d 895, 899, 904 (9th Cir. 2010)) (enforcing a forum-selection clause in an employment agreement and characterizing as speculative the employee's argument that the Oregon court would apply Oregon substantive law in a manner that would foreclose certain remedies).

Moreover, the parties' contractual stipulation to the one year limitations period is itself likely subject to deference even under California law; California courts give contracting parties "substantial freedom to modify the length of the statute of limitations." *Hambrecht & Quisti Venture Partners v. Am. Med. Int'l, Inc.,* 46 Cal. Rptr. 2d 33, 43 (Cal. Ct. App. 1995).[2]

In sum, this is not an exceptional case where a valid choice of venue clause is unenforceable.

D. <u>Tort Claims</u>

O'Keeffe's asserted fraud and UCL claims against AIT; together with the breach of

---

[2] During the hearing, O'Keeffe's counsel relied on *Verdugo v. Alliantgroup, L.P.* 237 Cal. App. 4th 141 (Cal. Ct. App. 2015). In *Verdugo*, an employee based her wage and hour claims on important California Labor Code unwaivable statutory rights. 237 Cal. App. 4th at 157-58. The express antiwaiver provision furthered California's fundamental public policy of requiring state employers to fully and promptly pay all wages due to their employees. *Id*. at 150 (citing Cal. Lab. Code sections 219(a) and 1194(a)). The forum-selection clause required the employee to litigate her Labor Code wage claims in Texas, where the employment agreement's choice-of-law clause would have required the court to apply Texas law unless a Texas court decided not to enforce the choice-of-law clause. *Id.* at 151. Texas does not have a comparable antiwaiver provision. *Id*. at 158. Although the employer contended that Texas court would most likely apply California law to employee's claims, employer preserved its ability to argue to Texas court that Texas law should apply. Because the defendant declined the opportunity to eliminate any doubt by refusing to stipulate that California law applied, the Court of Appeal held that the forum-selection clause was unenforceable. *Id*. at 160. *Verdugo* is distinguishable from the case at bar for several reasons. First, *Verdugo* does not purport to apply 28 U.S.C. § 1404(a) and the rule of *Atlantic Marine*. Second, *Verdugo* involved a statute with a strong anti-waiver provision; no such statute is involved here.

6

contract action, O'Keeffe's tort claims are: (1) fraudulent inducement - AIT made a material omission with the intent to induce Plaintiff to enter into the written agreement with AIT. Compl. ¶ 30; (2) unlawful, unfair or fraudulent business act or practice - AIT engaged in a pattern and practice of misrepresenting the capabilities of the ERP and failing to disclose that the ERP could not function fully and properly unless another software had been fully implemented. Compl. ¶ 38. The Court must address whether this forum-selection clause applies to these claims.

Plaintiff points out that the phrase "arising under" limits the scope of the forum- selection clause. Opp'n to AIT at 5; Vineberg Decl., Ex. 1 at 10, ¶ 6. *See Cedars-Sinai Med. Ctr. v Global Excel Mgmt., Inc.*, No. CV 09-3627 PSG AJWX, 2010 WL 5572079 (C.D. Cal. Mar. 19, 2010) and *Mediterranean Enters. Inc. v Ssangyong Corp.*, 708 F.2d 1458, 1461 (9th Cir. 1983). In *Mediterranean*, the arbitration clause stated that "[a]ny disputes arising hereunder . . . shall be settled through binding arbitration pursuant to the Korean-U.S. Arbitration Agreement, with arbitration to take place in Seoul, Korea." 708 F.2d at 1461. The Ninth Circuit interpreted "arising hereunder" as synonymous with "arising under the Agreement." *Id.* at 1464. The court held that the phrase "arising under" in an arbitration agreement should be interpreted narrowly explaining that the phrase is intended "to cover much narrower scope of disputes, i.e., only those relating to the interpretation and performance of the contract itself." *Id. Cf. Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 922 (9th Cir.2011), (arbitration provision using the phrases "arising under," "arising out of," and "arising hereunder" should be "narrowly construed" to encompass disputes "relating to the interpretation and performance of the contract itself," whereas the phrase "relating to" should lead to a "broad[er]" interpretation).

Here, the forum-selection clause uses the term "arising under." Vineberg Decl., Ex. 1 at 10. Accordingly, the clause appears to apply only to contract claims.

Nonetheless, this Court exercises its discretion to transfer related tort and statutory claims to the Eastern District of New York under § 1404(a). Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). *See Ventress v. Japan*

7

*Airlines,* 486 F.3d 1111, 1118 (9th Cir. 2007) (stating that a "district court's decision to change venue is reviewed for abuse of discretion"; adding that "'[w]eighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge'"). In deciding whether to transfer under § 1404(a), a court may consider factors such as:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) relative court congestion and time of trial in each forum.

*Vu v. Ortho–Mcneil Pharm., Inc.,* 602 F.Supp.2d 1151, 1156 (N.D.Cal.2009) (Illston, J.). The party moving for transfer has the burden of showing that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir.1979); *Winningham v. Biomet Orthopedics, LLC,* No. C 12-00503 JSW, 2012 U.S. Dist. LEXIS 129542, at *3-4, 2012 WL 3860806 (N.D. Cal. Aug.31, 2012).

Important factors weigh strongly in AIT's favor. First, all the claims are related. Plaintiff's tort claims rely on alleged misrepresentations and omissions made by AIT in the contract. AIT's Reply at 3. "There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012) (quoting *Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 619 (2d Cir.1968)). Second, the factors of convenience of the parties and convenience of the witnesses in this case counsel in favor of transfer to New York. Taking into account these considerations, the Court concludes that a transfer of tort and UCL claims to the Eastern District of New York along with the contract claim is appropriate.

///
///
///
///

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Defendant's motion to transfer venue to the Eastern District of New York.

The Clerk of the Court is instructed to transfer the case to the Eastern District of New York in accordance with this opinion.

This order disposes of Docket No. 13.

**IT IS SO ORDERED**.

Dated: October 16, 2015

_____
EDWARD M. CHEN
United States District Judge